**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 12 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JUAN PEDRO ISABEL-BALTAZAR, | No. 20-71831 |
| Petitioner, | Agency No. A216-276-374 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 10, 2022[**]
Pasadena, California

Before: TASHIMA, M. SMITH, and WATFORD, Circuit Judges.

Juan Isabel-Baltazar (Petitioner), a native and citizen of Guatemala, petitions

for review of a decision of the Board of Immigration Appeals ("BIA"), dismissing

his appeal of a decision of the Immigration Judge ("IJ"), who denied his

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Petitioner contends he is eligible for relief based on his membership in the proposed social group of indigenous Guatemalan males who oppose forced gang recruitment. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.     The IJ did not err in concluding that Petitioner failed to establish eligibility for asylum or withholding of removal based on his membership in a particular social group. *See Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (reviewing the IJ's order as if it were the BIA's decision where, as here, the BIA adopted and affirmed the IJ's decision for the reasons articulated by the IJ, pursuant to *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994)); *Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890 (9th Cir. 2021) (reviewing de novo whether a group constitutes a particular social group). Petitioner has failed to show that his proposed social group is socially distinct and defined with particularity. *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016); *see also, Santos-Ponce*, 987 F.3d at 890 (concluding that proposed social group of "minor Christian males who oppose gang membership" is not sufficiently particular or socially distinct); *Barrios v. Holder*, 581 F.3d 849, 854–55 (9th Cir. 2009) (rejecting petitioner's argument that young males in Guatemala who are targeted

2

for gang recruitment but refuse to join are a particular social group), *abrogated in part by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc).

Even if his proposed group were cognizable, Petitioner has not established that the treatment he suffered was based on his membership in the proposed social group. Petitioner testified that the gang members confronted him because they knew he had money from his father's business and that they continued to attack him because he would not give them the money. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

**2.** The IJ's finding that Petitioner failed to show a likelihood of torture at the hands of the government is supported by substantial evidence. Petitioner testified that he did not report the incidents to the police and that he did not fear harm from anyone in the government. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1147 (9th Cir. 2021) (explaining that, to establish eligibility for CAT relief, the petitioner has the burden of showing that it is more likely than not that, if removed, he in particular would be subject to harm amounting to torture by, or with the acquiescence of, a public official).

The petition for review is **DENIED**.